[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has brought this action against the defendants seeking money damages, interest and attorney's fees.
The court finds, and the plaintiff and the defendant, Carl DeProfio have stipulated thereto, that the defendant Carl DeProfio ordered, and the defendant delivered, merchandise to Videomax Home Entertainment between March 24, 1992 and April 16, 1992. A balance is due and owing the plaintiff in the amount of $6,181.10 for said merchandise, as stipulated to by the plaintiff and the defendant Carl DeProfio.
The court further finds that the defendant Terri R. DeProfio signed a "Guaranty" to the plaintiff, dated November 19, 1984, wherein Terri DeProfio guaranteed full payment of all balances due the Commtron Corporation for merchandise or equipment purchased by Videomax from the plaintiff.
Videomax was a partnership formed in 1983 by Carl DeProfio, Terri DeProfio and a Mr. and Mrs. George Burr. Videomax, pursuant to a written "Application for Company Check and Guaranty" dated November 19, 1984, opened an account with the plaintiff to purchase equipment and merchandise (Plaintiff's Exhibit A). Videomax continued to purchase equipment from the plaintiff Commtron Corporation and its successor Ingram Entertainment, Inc. from 1984 into 1992.
By way of letter dated March 16, 1991, the defendant Carl DeProfio notified the plaintiff that the partnership had been dissolved, and that Videomax had become a sole proprietorship owned by Carl DeProfio. Within said letter (Defendant's Exhibit 1), defendant Carl DeProfio inquired as to whether or not the plaintiff requires a new credit application. The defendant Carl DeProfio testified that he was verbally informed that no new credit application was required. CT Page 5171
Subsequently, in January, 1993, Videomax was closed by the defendant Carl DeProfio. The plaintiff had an outstanding balance due to it in an amount of $11,480.10. On or about January 31, 1993, the defendant Carl DeProfio sent a check to the successor plaintiff Ingram Entertainment, Inc. in the amount of $5,295.75, reducing said balance to the stipulated sum of $6,181.10. The defendant Carl DeProfio admits that he is solely responsible for payment of that balance, plus any interest and/or attorney's fees that the court may order.
The successor plaintiff Ingram Entertainment, Inc. disputes that it was notified by Carl DeProfio that the Videomax partnership was dissolved in 1991, and it denies that it received a copy of Carl DeProfio's letter dated March 16, 1991 (Defendant's Exhibit 1). The plaintiff maintains that Terri A. DeProfio, a former partner in Videomax, who signed the "Guaranty" is still liable for the balance due and owing from Videomax to the plaintiff in the principal amount of $6,181.10.
The plaintiff's operations manager testified that he was familiar with the account of Videomax, and that his review of the plaintiff's account records indicated that no copy of Carl DeProfio's letter dated March 16, 1991 (Defendant's Exhibit 1) was contained in the plaintiff's business records. The plaintiff surmizes that if said letter had been received at its payment office in Chicago, Illinois, that it would have been forwarded to the business offices in the State of Iowa, and further action, if warranted, would have emanated from the Iowa office. In March, 1993, the Commtron Corporation merged with Ingram Entertaining, Inc. and the business offices were thereafter located in LaVergne, Tennessee. Billing invoices from the plaintiff to the defendant (Plaintiff's Exhibit B) indicated that the defendant Carl DeProfio was to remit all payments to P. O. Box 91407, Chicago, Illinois, 60693-1407. This is the same mailing address the defendant Carl DeProfio used for his letter of March 16, 1991 (Defendant's Exhibit 1).
As the trier of fact, the court must determine the credibility of all witnesses and must weigh the evidence presented by the witnesses. In this matter, the court finds that the Videomax partnership which was formed in 1983 was dissolved in late 1990 or early 1991.
The court further finds that the defendant Carl DeProfio notified the plaintiff in writing, on or about March 16, 1991, that said partnership was dissolved, and that the defendant Carl DeProfio, as a sole proprietorship, desired to continue to do business with the plaintiff. The defendant Carl DeProfio inquired as to whether or not the plaintiff required a new credit application and/or guaranty of payment, and was not required to submit any new application. The prior "Application for Company Check and Guaranty" (Plaintiff's Exhibit A) signed Terri A. CT Page 5172 DeProfio, a member of the dissolved Videomax partnership is no longer applicable to the sole proprietorship owned and operated by Carl DeProfio.
The court therefore enters a judgment for the plaintiff as to the defendant Carl DeProfio only, in the principal amount of $6,181.10. Accordingly, judgment shall also enter in behalf of the defendant Terri DeProfio.
The court awards no interest and attorney's fees to the plaintiff. No written documentation has been submitted to the court, wherein Carl DeProfio has agreed to pay interest and/or an attorney's fee for the collection of any balance due and owing the plaintiff from the defendant Carl DeProfio, as a sole proprietor, or otherwise.
By The Court
Arnold, J.